# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DEBRA J. JOHNSTON, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-08-065-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

## OPINION AND ORDER

Plaintiff Debra J. Johnston (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further consideration.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 10, 1954 was 53 years old at the time of the ALJ's latest decision. Claimant has a high school education and no past relevant work. Claimant alleges an inability to work beginning August 11, 1954 due to migraine headaches, shortness of breath, scoliosis, memory loss, vision problems, stomach problems, sleep problems, and high blood pressure.

## Procedural History

On October 16, 2002, Claimant protectively filed an application for supplemental security income under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The application was denied initially and upon reconsideration. On January 16, 2004, Claimant appeared at a hearing before ALJ Michael Kirkpatrick in Hugo, Oklahoma. On October 4, 2004, the ALJ issued an unfavorable decision, finding Claimant was not disabled during the relevant period. On December 16, 2004, the Appeals Council denied review of the decision.

As a result, Claimant commenced an appeal in this Court in Case No. CIV-05-069-RAW. By Order entered March 1, 2007, this Court reversed the ALJ's decision and remanded the case for further proceedings. The Appeals Council subsequently vacated the ALJ's decision and remanded the case on March 29, 2007.

On August 20, 2007, Claimant appeared at an administrative hearing before ALJ Kirkpatrick in Paris, Texas. On October 18, 2007, the ALJ issued an unfavorable decision, finding Claimant was not disabled. Claimant did not pursue an appeal of that decision before the Appeals Councill As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that while Claimant suffered from severe impairments, they did not meet a listing and Claimant retained the residual functional capacity to perform light and unskilled work with limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate all of the medical opinions of Dr. Rowlan and resolve conflicts in his opinions regarding Claimant's exertional capacity; (2) failing to discuss significantly probative evidence which conflicted with the ALJ's findings; and (3) reaching an RFC determination which was not supported by substantial evidence.

## Evaluation of Dr. Rowlan's Opinions

Claimant first contends the ALJ failed to consider all of Dr. Rowlan's opinions, conflicting though they may be, on remand from this Court. Historically, Claimant suffered from chronic pulmonary obstructive disease ("COPD") beginning in September of 2000. The condition was treated with medication. (Tr. 115-117).

On February 19, 2003, Claimant underwent a consultative examination with Dr. Deepak Jaiswal. He noted Claimant experienced headaches, dizziness, unsteady gait, back pain, COPD, and hypertension over a 20 years with increasing headaches and

5

dizziness. She also reported to Dr. Jaiswal that she suffered from scoliosis and because of that condition had increasing pain and stiffness in the lower part of her back with an inability to stand or walk for a prolonged period of time. Claimant has not been able to bend over or lift heavy things. Her condition has also lead to a fluctuation in Claimant's blood pressure.

Dr. Jaiswal concluded, however, that Claimant was not in any acute distress or difficulty and has been ambulating without assistance devices. Most other findings were normal from Dr. Jaiswal's examination. Dr. Jaiswal's final assessment for Claimant was headache, questionable etiology, dizziness, no definitive etiology has been established, and history of chronic obstructive pulmonary disease and on inhaler. (Tr. 137-140).

On January 7, 2004, Claimant filed a complaint with the Oklahoma State Board of Licensure and Supervision against Dr. Jaiswal. She complained that Dr. Jaiswal's examination consisted of directing her to walk to the exam table and sit down, tapping her knee with a hammer, directing her to push down on his hands and touching her spine in three places while she was fully clothed. She attested in the complaint that no one listened to her heart, looked into her ears, nose, or mouth or took her blood pressure. Claimant stated her height and weight were never measured and were listed on her records incorrectly. She was not asked any questions

nor given a vision examination. (Tr. 108).

On March 23, 2004, Claimant underwent a second consultative examination, this time by Dr. Steven Rowlan. Claimant complained of back pain from her neck down to her lower back. She told Dr. Rowlan she was diagnosed with scoliosis as a child but never had any treatment. She complained of severe headaches and had a history of COPD. (Tr. 185).

After a physical examination, Dr. Rowlan found Claimant moved about the exam room "quite slowly" and looked significantly older than her age. He found Claimant had some limitation of motion to flexion extension of the lumbar spine and to lateral flexion. He noted pain with motion of her lumbar spine but also found Claimant could toe and heel walk normally. Straight leg raising was negative while sitting and lying down. The remainder of the neurologic exam was normal. Dr. Rowlan opined Claimant was capable of a certain amount of sitting and non-lifting type work. (Tr. 185-186).

Thereafter, Dr. Rowlan completed a Medial Source Statement of Ability to Do Work-Related Activities (Physical) form on March 23, 2004 for Claimant. Dr. Rowlan determined Claimant could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, with a notation of "chronic back pain," stand and/or walk for about 6 hours out of an 8 hour day, and sit about

7

6 hours out of an 8 hour day. He found Claimant could engage in pushing and pulling. Dr. Rowlan also indicated Claimant could occasionally climb, balance, kneel, crouch, and stoop and never crawl. The only other limitations Dr. Rowlan found on Claimant's work activities were environmental restrictions on vibration and hazards. (Tr. 190-193).

On October 19, 2006, Claimant went to the Durant Family Medical Clinic, reporting coughing, shortness of breath, fatigue, generalized pain, and depression with high blood pressure and flat affect. She was treated with medication. However, it was also noted that they "need to be aggressive" and "consider steroids" because claimant's PFT had decreased to indicate a "very severe obstruction." (Tr. 352-353).

Although Claimant still suffered from coughing and congestion, it is noted in Claimant's April 19, 2007 visit to the Medical Clinic that her "COPD - acute episode resolving." (Tr. 348-349).

On May 8, 2007, Dr. Rowlan responded to an agency letter concerning his examination of her. He stated he "made the comments about [Claimant's] limitations based on her chronic backache that was documented by physical examination with loss of motion." He would not comment further without an additional examination. (Tr. 327).

In his second decision, the ALJ discussed Dr. Rowlan's

8

findings as directed by the remand order from this Court. He reiterates Dr. Rowlan's findings in his reports and concludes "[a]s noted supra, Dr. Rowlan completed an assessment of the claimant's residual functional capacity based upon the results of his examination which constitutes the residual functional capacity found herein." (Tr. 235).

The ALJ also concludes Dr. Rowlan's findings on functional limitations demonstrates Claimant "has more than slight limitation in functioning." He finds the opinion of a consultative physician, an orthopedist, to be more convincing than that of a non-examiner. The ALJ determined that Claimant has medically determinable severe impairments of scoliosis and chronic obstructive pulmonary disease. (Tr. 236).

In Magistrate Judge Shreder's Report and Recommendation which was adopted by the presiding District Judge, the ALJ was directed to recontact Dr. Rowlan for clarification of his opinion regarding Claimant's RFC, properly analyze the opinions of agency physicians, and determine if the RFC he originally assessed should be changed. Apparently, the "recontact" that the ALJ attempted was a letter to Dr. Rowlan, to which he responded that he stood behind his limitations and would not render further opinions without another examination of Claimant. The fact remains that Dr. Rowlan made conflicting limitation findings concerning Claimant's sitting and

non-lifting limitations in one report and different restrictions and abilities on the medical assessment form. The ALJ did not resolve this conflict through further exploration of Dr. Rowlan's opinions as he was directed to do. Indeed, the mystery of Dr. Rowlan's true opinions is deepened by his May 8, 2007 letter when it appears he intended the limitations upon sitting and lifting to be controlling over his medical assessment. However, Dr. Rowlan's true opinion on Claimant's restrictions will not be known until he is consulted further and, if necessary, examines Claimant once again.

Additionally, the ALJ has still not considered all of Dr. Rowlan's environmental limitations in his decision. The ALJ cannot pick and choose the evidence upon which he relies simply because it supports his finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). On remand, the ALJ shall resolve the apparent conflict in Dr. Rowlan's opinions and consider all of his limitations.

### Additional Probative Evidence

Claimant also contends the ALJ should have discussed other evidence which bore upon the question of the level of her impairment. In a footnote, Magistrate Judge Shreder declined to express an opinion on the adequacy of Dr. Jaiswal's examination in light of Claimant's complaint before the licensure board. However,

he also found the ALJ should discuss it and explain why he continued to rely upon Dr. Jaiswal's opinions after rejecting the complaints. The ALJ failed to do this and should in order to explain his reliance upon Dr. Jaiswal.

Claimant also points out several discrepancies in the record concerning her true height which has a bearing upon whether she meets a listing in light of her post bronchodialator FEV1 score under Listing 3.02(A). On remand, the ALJ shall definitively determine this fact, in light of Dr. Jaiswal's apparent error in recording Claimant's height – if he in fact did so considering Claimant's complaint to the licensure body in Oklahoma.

The ALJ also apparently discounted all of Claimant's testimony concerning the limitations on her daily living and the corroborating testimony of her daughter, instead choosing to rely upon a December 2002 Disability Supplemental Interview Outline. On remand, the ALJ shall specifically discuss his reasons for accepting this source over the testimony at the hearing.

### RFC Evaluation

Considering all of the re-evaluation of evidence mandated by this Order, the ALJ shall re-examine his RFC assessment and make any changes necessitated by the record.

### Conclusion

The decision of the Commissioner is not supported by

substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

IT IS SO ORDERED this 31st day of March, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE